IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>vs.<br><br>LEON MESSERLY,<br><br>        Defendant. | Cause No. CR 09-39-GF-DLC-RKS-1<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE SUPERVISED RELEASE** |

## I.  Synopsis

Defendant Leon Messerly was charged with violating his conditions of supervised release by consuming alcohol and failing to attend substance abuse treatment sessions.  Mr. Messerly admitted to the violations.  His supervised release should be revoked.  Mr. Messerly should be sentenced to eight months incarceration, to be followed by 28 months supervised release.

## II.  Status

Mr. Messerly was convicted of assault with a dangerous weapon in June, 2009.  CD 39.  The Hon. Sam Haddon, Senior U.S. District Judge, sentenced Mr.

Messerly on October 16, 2009, to 50 months incarceration, to be followed by three years supervised release. CD 49. Mr. Messerly began his term of supervised release on November 21, 2012. CD 70. On March 1, 2013, the United States Probation Office issued a Notice of Noncompliance to Mr. Messerly, stating that he Mr. Messerly was believed to have violated his supervised release conditions by using alcohol and drugs, failing to report for urinalysis testing, and failing to pursue enrollment in a chemical dependency treatment program. CD 70. The Probation Office warned Mr. Messerly that revocation would be sought for further non-compliance. CD 70.

**Petition**

The United States Probation Office filed a petition on March 25, 2013, requesting revocation of Mr. Messerly's supervised release. CD 70. The petition alleged that Mr. Messerly violated Special Condition #5 of his supervised release by consuming alcohol. The petition also alleged that Mr. Messerly also violated Special Condition #2 of his supervised release by failing to attend weekly therapy sessions. CD 70. Based on the petition, the undersigned issued a warrant for Mr. Messerly's arrest. CD 71. The case was reassigned from Judge Haddon to the Hon. Dana Christensen, U.S. District Judge, and referred to the undersigned for Findings and Recommendations.

**Initial appearance**

Mr. Messerly was arrested March 28, 2013, and made an initial appearance before the undersigned on March 29, 2013, in Great Falls, Montana. CD 72. Federal Defender David Ness accompanied Mr. Messerly, and was appointed to represent him. Assistant United States Attorney Laura Weiss represented the United States. The undersigned described the Findings and Recommendations procedure to Mr. Messerly, including his right to appear and allocute before Judge Christensen, and explained that he must object to the Findings and Recommendations to preserve those rights.

Mr. Messerly stated that he had read the petition and understood the accusations. He waived a preliminary examination. Ms. Weiss asserted that Mr. Messerly could be sentenced to up to 24 months incarceration if his supervised release was revoked. Mr. Ness agreed.

A revocation hearing was scheduled for April 4, 2013. The government moved to have Mr. Messerly detained until then. Mr. Messerly opposed detention, and requested an immediate detention hearing. Based on the detention hearing, the undersigned ordered Mr. Messerly detained.

**Revocation hearing**

Mr. Messerly appeared at the revocation hearing in Great Falls on April 4, 2013. He was represented by Federal Defender David Ness. Assistant United States Attorney Ryan Weldon represented the United States. The undersigned reminded Mr. Messerly about the Findings and Recommendation procedure, including his right to appear and allocute before Judge Christensen and the necessity of objecting to the Findings and Recommendations within 14 days of entry to preserve that right.

Mr. Messerly admitted to consuming alcohol and failing to attend therapy sessions, in violation of his conditions of supervised release. The undersigned proceeded to sentencing.

The undersigned calculated that Mr. Messerly's violation grade is C, his criminal history category is II, and the underlying offense is a Class D felony. The undersigned calculated that under those circumstances Mr. Messerly faced a maximum prison sentence of 24 months, and up to 36 months supervised release (less any prison time imposed). The United States Sentencing Guidelines call for 4 to 10 months imprisonment. Both Mr. Ness and Mr. Weldon stated that the underlying offense is actually a Class C felony, but that the calculations – including the guideline range – were otherwise correct.

Mr. Ness requested a sentence of 4 months imprisonment. Mr. Ness argued

that Mr. Messerly's noncompliance and substance abuse may be partially attributable to a traumatic brain injury. Mr. Ness argued that incarceration has not been effective for Mr. Messerly, but that treatment may be.

Mr. Messerly addressed the court. He said that he was taking steps toward getting substance abuse treatment when he was arrested for the revocation.

Mr. Weldon did not request a specific sentence, but noted that Mr. Messerly has a significant history violent behavior while intoxicated. Mr. Weldon also pointed out that the Probation Office attempted to address Mr. Messerly's non-compliance through efforts short of petitioning for revocation, but Mr. Messerly did not respond to those efforts.

### III.  Analysis

Based on Mr. Messerly's admissions, the undersigned finds he violated his conditions of supervised release. His supervised release should be revoked. Mr. Messerly should be sentenced to eight months incarceration, to be followed by 28 months supervised release.

Revocation is appropriate because Mr. Messerly admitted to violating two conditions of his supervised release. The violations were significant, and came after previous warnings from the Probation Office. A sentence in the middle of the guideline range is appropriate. The violations are serious breaches of the court's

trust. One violation involved heavy intoxication, which has been associated with Mr. Messerly's previous offense. A significant sentence appears necessary to compel Mr. Messerly's future compliance. However, this was Mr. Messerly's first revocation, and did not pose an immediate threat to the community.

The maximum period of supervised release would help protect the community after Mr. Messerly's release. Mr. Messerly's history shows a correlation between alcohol and violence. Supervision will discourage Mr. Messerly from abusing alcohol, which is likely to reduce the chances Mr. Messerly will engage in assaultive conduct. Conditions of supervised release are fully set forth in the attached proposed Judgment.

## IV. Conclusion

Mr. Messerly was advised that the above sentence would be recommended to Judge Christensen, and reminded that he had the right to appear before Judge Christensen. Mr. Messerly was instructed that he must object to these Findings and Recommendations within 14 days of their entry to preserve that right.

The Court makes the following **FINDING:**

1. Mr. Messerly violated Special Condition #2 of his supervised release.
2. Mr. Messerly violated Special Condition #5 of his supervised release.

The Court makes the following **RECOMMENDATION:**

1. The District Court should enter the attached Judgement, revoking Mr. Messerly's supervised release and committing Mr. Messerly to the custody of the United States Bureau of Prisons for a term of imprisonment of eight months, with 28 months supervised release to immediately follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 8th day of April, 2013.

Keith Strong
United States Magistrate Judge